LINK: 17

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3893 GAF (VBKx) | Date | September 20, 2010 |
|---|---|---|---|
| Title | United States of America v. One 2008 Porsche 911 Turbo CP | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:** (In Chambers)

## ORDER TO SHOW CAUSE

The government has moved for default judgment in the present in rem forfeiture action against One 2008 Porsche 911 Turbo CP (the "Defendant Automobile"). (Docket No. 17.) An investigation by the F.B.I. and I.R.S. uncovered that a Robert D. Bame ("Bame") was defrauding investors through a "ponzi" investment scheme and used those fraudulently obtained funds to purchase the Defendant Automobile. Circuit law teaches that in rem forfeiture actions must be conducted in accordance with the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules"). See United States v. Real Property at 2659 Roundhill Drive, 283 F.3d 1146, 1149 n.2 (9th Cir. 2002). For in rem forfeiture actions arising from a federal statute, Supplemental Rule G(2) requires that a complaint adhere to certain requirements; "if the property is tangible," the complaint must "state its location when any seizure occurred and—if different—its location when the action is filed." SUPP. R. ADM. MAR. CL. G(2)(d).

The government's complaint states that Bame had a "warehouse at 6164 Rivercrest Drive, Moreno Valley," which "contained about 20 exotic and expensive cars and an RV that Bame used as an office." (Comp. ¶ 22.) However, the complaint does not indicate that the Defendant Automobile was one of the 20 exotic and expensive cars housed in this warehouse, nor does it otherwise describe the Defendant Automobile's location at any point in time.

**LINK: 17**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3893 GAF (VBKx) | Date | September 20, 2010 |
|---|---|---|---|
| Title | United States of America v. One 2008 Porsche 911 Turbo CP | | |

 The Court will not grant default judgment unless all of the requirements of the Supplemental Rules have been satisfied, including Supplemental Rule G(2)(d).  The government is therefore **ORDERED TO SHOW CAUSE, no later than October 1, 2010**, why the Court should not deny its motion for default judgment.  The filing of a supplemental memorandum that states (1) the Defendant Automobile's location when any seizure occurred and (2) the Defendant Automobile's location when the action was filed (if different) shall constitute an adequate response to this order to show cause.

 **Failure to respond to this order to show cause shall constitute consent to denial of the default judgment motion.**

 The motion hearing presently scheduled for Monday, September 27, 2010, is hereby **CONTINUED to Monday, October 18, 2010, at 9:30 a.m.**

 **IT IS SO ORDERED.**